HELEN REAVES LAMBERT, ADMINISTRATRIX OF THE ESTATE OF EVAN THOMAS THOMPSON, DECEASED, v. WILLIAM B. BLAND, JR.

(Filed 6 June, 1956.)

**Automobiles § 45—**

Plaintiff's evidence, considered in the light most favorable to her, is *held* sufficient to justify the submission of the issue of last clear chance in this action involving a collision occurring when defendant's car hit the rear of another car standing on the highway at nighttime without lights.

LAMBERT *v.* BLAND.

APPEAL by defendant from *Hall, J.,* January Term, 1956, of CHATHAM.

This is a civil action to recover for the alleged wrongful death of the plaintiff's intestate.

The evidence tends to show that about 12:15 a.m. on 5 April 1954 the 1923 Model T Ford automobile owned by the plaintiff's intestate was parked in the southbound lane of the paved portion of Highway 421 about 2½ miles south of the village of Gulf in Chatham County. The defendant was operating his automobile southwardly on Highway 421 at a speed of from 40 to 50 miles per hour. According to the defendant's evidence, he was meeting another car that did not dim its lights; that he was within 26 feet of the Ford when he first saw it. That at the time of the collision there were no lights burning on the Ford car; that the defendant's car hit the right rear fender and wheel of the car of plaintiff's intestate.

The Highway Patrolman who investigated the collision and made certain measurements before either vehicle was moved, testified that the paved portion of the highway was 20 feet wide and the shoulder on the west side of the highway was 8 feet 5 inches wide. Where the collision occurred the road is level and straight and one can see approximately 500 yards both to the north and to the south. That the intestate's car was on the east side of the highway and it was 26 feet 4 inches from the rear of the intestate's car to the point of impact which occurred on the west side of the highway. The defendant pointed out the blood on the highway where the body of intestate came to rest following the collision, and it was 42 feet from the point of impact. There were skid marks from the point of impact northwardly for 72 feet and tracks leading therefrom to the defendant's car which was in the ditch on the west side of the highway, a distance of about 21 feet from the point where the collision occurred.

The court submitted issues as to negligence, contributory negligence and last clear chance. The jury answered each of the issues in the affirmative, and for the wrongful death of plaintiff's intestate awarded damages in the sum of $500.00 and $865.00 for hospital and medical expenses.

Judgment was entered on the verdict and the defendant appeals, assigning error.

*Barber & Thompson for appellee.*
*Benjamin D. Haines and Jordan & Wright for appellant.*

PER CURIAM. The defendant's counsel in his oral argument informed the Court that the defendant does not want a new trial. The appellant

insists, however, that plaintiff's intestate was guilty of contributory negligence as a matter of law, and that there is no evidence to support the verdict on the issue of last clear chance.

We concede this is a borderline case. However, when the plaintiff's evidence is considered in the light most favorable to her, as it must be on a motion for nonsuit, we have concluded it was sufficient to carry the case to the jury on the challenged issue. Therefore, the result of the trial below will be upheld.

No error.